UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
CASE NO.: 18-cv-01323

EDITH FUTCH as personal
representative of the Estate of
GREGORY FUTCH, Deceased,

Plaintiff,

v.

MTC MEDICAL, LLC., et al.

Defendants.

_____/

**RESPONSE TO DEFENDANT PATRICK HARRIS, D.O'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, EDITH FUTCH, files this Response to the Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Patrick Harris (Harris) attacks Plaintiff's Complaint on three different fronts: First, Harris argues that because he was not provided with Florida's state law pre-suit medical malpractice notice under § 766 Plaintiff's Section 1983 claim against him should be dismissed. Second, Harris claims that Plaintiff's complaint if legally frivolous and fails to state a cause of action under § 1983. Third, Harris argues that he is protected by qualified immunity. As will be outlined below all three of these arguments fail. First, Florida's medical malpractice pre-suit procedure does not apply to § 1983 claims and therefore, Plaintiff did not need to engage in the pre-suit notice process. Second, Plaintiff has properly stated allegations to support her claim

1

against Harris under § 1983. And third, the doctrine of qualified immunity does not protect doctors like Harris who work for a private medical provider.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true `to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must be sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. The Eleventh Circuit held in *Randall,* and affirmed in *Hoefling*, that "whatever requirements our heightened pleading standard once imposed have since been replaced by those of the *Twombly– Iqbal* plausibility standard.... [which] applies to *all* civil actions...." *Id. See also Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir.2014) ("After ... *Iqbal* ..., which applied the *Twombly* pleading standard in a civil rights/qualified immunity context, there is no longer a 'heightened pleading' standard in 'cases governed by Rule 8(a)(2), including civil rights [cases]' under § 1983.") *Hoefling v. City of Miami*, 811 F.3d 1271, 1276 (11th Cir., 2016) (quoting *Randall,* 610 F.3d at 710).

## ARGUMENT

**The issue of compliance with § 766:**

Plaintiff has brought a single § 1983 count against Harris in the Plaintiff's Complaint. (D.E. 1 at Pgs. 18-19). Plaintiff does not need to engage in the state law medical negligence pre-suit process outlined in § 766 when the claim is brought under Section 1983. In *Rolle v. Brevard County*,

Case 3:18-cv-01323-BJD-MCR Document 21 Filed 12/18/18 Page 3 of 9 PageID 109


Judge Fawsett addressed the issue of whether § 766 applies to a plaintiff in the context of a Section 1983 claim. Judge Fawsett concluded that § 766 did not apply and stated that:

> As an initial matter, Defendants argue that Chapter 766 of the Florida Statutes bars Plaintiffs' Section 1983 claims because Plaintiffs are attempting to artfully plead medical malpractice claims. Such argument is not persuasive, however, because Plaintiffs' claims have been brought under federal law and are separate and distinct from medical malpractice claims brought under state law. <u>Thus, the requirements of Florida law are not applicable to Plaintiffs' Section 1983 claims</u>. *Rolle v Brevard County*, 2007 WL 328682 *5 (Middle Dist. Fla. 2007).

The above reasoning has been followed by every case in this district that has addressed the issued raised by Harris. For example, in *Simmons v. Florida Dept. of Corrections*, the court found that individual Defendants argument that Count III should be construed as a medical malpractice claim and dismissed for failure to plead compliance with the pre-suit screening requirements of Chapter 766, Florida Statutes lacks merit. *Simmons v. Florida Dept. of Corrections*, 2015 WL 3454274 at Fn 10 (M.D. Fla. 2015). Also, in *Alvarez v. Brevard Cnty.*, the Court rejected the defendant's argument that a § 1983 claim was barred because plaintiff's failed to comply with the pre-suit notice requirements of Chapter 766, Florida Statutes, and the Court stated that the claim against Circles (the Defendant) is not a state law medical negligence claim but a § 1983 claim in which Plaintiff's allege that Circles acted not merely with negligence but with deliberate indifference to the Plaintiff's constitutional rights. *Alvarez*, 2013 WL 1686115, at *2 (M.D.Fla. Apr.18, 2013).

In the instant case, Futch is not suing Harris for state law medical negligence and therefore does not need to comply with Florida Statue § 766. Harris is being sued for his for his deliberate indifference to Futch's serious medical needs using § 1983 and claims brought under federal law that are separate and distinct from medical malpractice claims brought under state law. Therefore,

Harris' claim that Futch's failure to comply with § 766 should result in dismissal is unpersuasive and should be denied by this Court.

Harris was Deliberately Indifferent and Futch's Claim is not Frivolous:

Harris has not moved to dismiss on the basis that Futch did not suffer from a serious medical or mental health condition. Therefore, the Court should consider that Futch's medical and mental health conditions were both serious medical conditions for § 1983 purposes. A serious medical or mental health condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)[1].

Harris has instead moved to dismiss Count three, the single § 1983 count against him, on the basis that the Plaintiff has failed to allege that his actions were deliberately indifferent to Futch's serious medical and mental health needs. (D.E. 10 at Pgs. 8-14).

The Eleventh Circuit explained in *McElligott* that "deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248 at 1255 (11th Cir. 1999). This deliberate indifference standard applies to psychiatric needs as well. *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986).

In 2016 the Eleventh Circuit, in *Melton v. Abston*, 841 F.3d 1207, 1223 (11th Cir. 2016) listed numerous examples of the conduct of that the Court considered to be deliberately indifferent.

---

[1] The Eleventh Circuit has held that, "in regard to providing pretrial detainees with … medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment." Hamm, 774 F.2d at 1574; see also Tittle v. Jefferson County, 10 F.3d 1535, 1539 (11th Cir.1994) (en banc).

The Court stated that, in our decisions, conduct deliberately indifferent to serious medical needs has included:

    (1) grossly inadequate care;

    (2) a decision to take an easier but less efficacious course of treatment;

    (3) medical care that is so cursory as to amount to no treatment at all; and

    (4) a defendant who unreasonably fails to respond or refuses to treat an inmate's need for medical care or one who delays necessary treatment without explanation or for non-medical reasons. *Id*. at 1233.

As alleged in the complaint Harris was aware that Futch was vomiting and showed signs of dehydration on February 1, 2018, and Harris felt that this was serious enough to order that Futch be moved to the hospital for care and treatment. (D.E. 1 at ¶ 26). From February 2nd to February 5th Harris was aware that Futch continued to vomit and was unable to eat or drink, but Harris failed to provide any care or treatment. (D.E. 1 ¶ 31). On February 7, 2018, Harris examined Futch and documented that Futch had been constantly vomiting and had not been able to keep anything down for two weeks. (D.E. 1 ¶ 35). Harris was aware that the hospital had ordered that Futch be returned to the hospital if his symptoms worsened. (D.E. 1 ¶ 28). On February 11, 2018, Harris was told that Futch was still constantly vomiting, but Harris failed to provide any care or treatment or have Futch transferred to an outside hospital and instead ordered that he be monitored in his isolation cell. (D.E. 1 ¶43). From February 12th to the 15th Futch was seen by Harris, who knew that Futch was still constantly vomiting, not getting any medication and starving to death, but Harris failed to provide the care that he knew Futch needed to survive or transfer Futch to an outside hospital for care. (D.E. 1 ¶ 45). On the morning of February 15,

5

2018, Futch was moribund and at death's door. He had lost 54 pounds since the day he was booked into the jail and Harris, who had seen Futch many times, was aware that Futch had lost this substantial amount of weight however he still failed to order that he be transferred to the hospital. (D.E. 1 ¶ 49). By the mid-morning of February 15, 2018, Futch was cold to the touch, his blood oxygen and other vital signs were extremely critical, and Harris was aware of this but still failed to have Futch moved to the hospital. (D.E. 1 ¶ 51, 52, 53). Harris watched Futch die from starvation and did nothing. (D.E. 1 ¶ 54).

To survive Harris' motion to dismiss the Plaintiff need only allege the three *McElligott* components of deliberate indifference: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence. *McElligott*, 182 F.3d at 1255. The complaint alleges that Harris had subjective knowledge of a risk of serious harm. Harris knew Futch had been sent to the hospital for vomiting and dehydration. (D.E. 1 ¶ 26). Harris knew that Futch continued to vomit and could not keep anything down for two weeks. (D.E. ¶ 31). Harris knew that Futch was starving to death. (D.E. 1 ¶ 45, 49, 51-54). Harris disregarded this risk because he provided no care or treatment and failed to have Futch moved to an outside hospital. (D.E. 1 ¶ 31, 43, 45, 49, 51-53). This conduct is more than mere negligence.

Harris' conduct was deliberately indifferent. He knew Futch had lost a substantial amount of weight, was not getting his medication, had been vomiting for weeks and was starving to death but he did nothing. (D.E. 1 ¶26, 31, 35, 43, 45, 49, 51-53). Deliberate indifference can include when a medical provider knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate. *Lancaster v. Monroe County*, 116 F.3d 1419, 1425 (11th Cir.1997). A failure to respond to a known medical problem could constitute deliberate indifference. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 704 (11th Cir.1985) (per

curiam). Conduct deliberately indifferent to serious medical needs has included: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; (3) medical care that is so cursory as to amount to no treatment at all; and (4) a defendant who unreasonably fails to respond or refuses to treat an inmate's need for medical care or one who delays necessary treatment without explanation or for non-medical reasons. *Melton v. Abston*, 841 F.3d 1207, 1223 (11th Cir. 2016). The complaint alleges that Harris failed to obtain medical treatment and failed respond to Futch's known medical problem, that Harris provided grossly inadequate care and took the easier route of monitoring Futch in his isolation cell instead of addressing his serious medical conditions and transferring him to a hospital. The treatment that Harris did provide was so cursory that it amounted to no treatment at all and he delayed Futch's transfer to the hospital for non-medical reasons. At this point in the litigation, the Plaintiff has properly alleged several ways that a reasonable jury could conclude that Harris acted with deliberate indifference.

**Harris cannot raise the defense of qualified immunity:**

Qualified immunity does not apply to individuals like Harris who are employees of private medical companies. This issue was decided in our Circuit in 1999 in the case of *Hinson v. Edmond*. The Eleventh Circuit in *Hinson* discussed the application of the U.S. Supreme Court decision in *Richardson v. McKnight*, 521 U.S. 399 (1997) and how it applied to a prison doctor who worked for a private medical company. The Eleventh Circuit concluded that the private medical provider working within the jail was not entitled to raise a qualified immunity defense. The Eleventh Circuit concluded that a private doctor who provided medical services in a jail or prison could not raise the defense of qualified immunity because the influence of market forces on private employers, did not support the extension of qualified immunity to the privately employed prison medical providers. *Hinson v. Edmond*, 192 F.3d 1342, 1345 (11th Cir. 1999).

The reasoning in *Hinson* has been followed by the Southern District of Florida in the case of Thomas v. Poveda, 2011 WL 13134634 at *10 (S.D. Fla. 2011) which found that contrary to defendant's argument, he was not a public official or employee eligible to assert qualified immunity. See *Hinson v. Edmond*, 192 F.3d 1342, 1346-47 (11th Cir. 1999) (declining to extend qualified immunity to privately employed prison physician citing *Richardson v. McKnight*, 521 U.S. 399 (1997)); *Harrison v. Ash*, 539 F.3d 510, 521-25 (6th Cir. 2008). The Northern District took the same position on the issue in *Scott v. Campbell*, 2009 WL 3028306 *4 (N.D. Fla. 2009) and found that Dr. Brown and Ms. Wright were employees of PHS, a private contractor. They acted under color of law, but they were not public officials or employees eligible to assert qualified immunity. *Id*.

Plaintiff has sued Harris in his individual capacity under § 1983 and alleged that he was employed as a doctor by Defendants MTC and MTC Medical LLC. (D.E. 1 ¶12 and 88). Harris is not entitled to raise the defense of qualified immunity.

### CERTIFICATE OF SERVICE

I hereby certify that on 12/18/2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the attached service list via CM/ECF.

RESPECTFULLY SUBMITTED,

LAUER & CURRIE, P.A.
644 SE 5 Ave.
Fort Lauderdale, FL 33301

By: /s/Greg Lauer
Greg Lauer, Esq.
Attorney for Plaintiff

<div style="text-align: right">
FL Bar # 652709<br>
t. 954.533.4498<br>
f.954.533.4501<br>
greg@law-lc.com
</div>

## **SERVICE LIST**

Richard Ramsey, Esq
Wicker, Smith
50 N. Laura St. Suite 2700
Jacksonville FL 32202
Email:   rramsey@wickersmith.com
Email:   jaxcrtpleadins@wikersmith.com
Direct:  (904) 598-3201

David Brannon, Esq
Email: dbrannon@carrallison.com
Jeffrey Foster, Esq
Email: jfoster@carrallison.com
305 South Gadsden Street Tallahassee, FL 32301
Telephone        (850) 222-2107