UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDITH FUTCH as personal representative of the Estate of GREGORY FUTCH, Deceased,

    Plaintiff,

v.

CASE NO.: 3:18-cv-01323-BDJ-MCR

MTC MEDICAL, LLC., a Utah Corporation and; MANAGEMENT & TRAINING CORP., a Delaware Corporation; MARTHA FORD L.P.N.; PATRICK HARRIS, D.O.; JILLIAN BARTOW, L.P.N., KELLY HURST, R.N; MICHELLE FISHER, L.P.N.; each individually and as employees of MTC MEDICAL, LLC AND MANAGEMENT & TRAINING CORP.,

    Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, JILLIAN BARTOW, L.P.N., (hereinafter "BARTOW"), through counsel and in accordance with Fed. R. Civ. Pro. 12(b), hereby submits her Answer and Affirmative Defenses in response to Plaintiff's Complaint, and states:

### PRELIMINARY STATEMENT

1. BARTOW admits that Gregory Futch ("Futch") was in the custody of the Putnam County Jail for a period of time in 2018. BARTOW denies that she engaged in unconscionable and callous conduct. BARTOW lacks knowledge or

information sufficient to form a belief about the truth of all other allegations in paragraph 1.

## JURISDICTION

2. BARTOW lacks knowledge or information sufficient to form a belief regarding Futch's status at the Putnam County Jail. All other allegations are admitted for jurisdictional purposes only.

3. BARTOW denies she engaged in "federal violations" and further denies that she was deliberately indifferent.

4. BARTOW denies she violated Futch's constitutional rights.

5. Admitted for jurisdictional purposes only.

6. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7. BARTOW denies Plaintiff is entitled to any damages, costs or fees arising from her actions, whether under federal or Florida law, in connection with Futch's incarceration at the Putnam County Jail.

## PARTIES

8. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

9. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9.

10. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

11. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11.

12. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13. Admitted regarding BARTOW's employment status. Otherwise, BARTOW lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13.

14. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

17. BARTOW denies she engaged in wrongful actions, denies her actions constituted deliberate indifference to Futch's medical condition, and denies her actions caused Futch's death.

18. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

19. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.

20. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.

21. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

23. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23.

24. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.

25. Admitted that on January 31, 2018, BARTOW examined Futch at the Putnam County Jail, charted his vital signs, charted her observations, and made her supervisor aware.

26. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.

27. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29.

30. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

31. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32.

33. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33.

34. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34.

35. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35.

36. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36.

37. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37.

38. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38.

39. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39.

40. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40.

41. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41.

42. Admit that BARTOW was advised by Putnam County Jail correctional staff that Futch refused to eat three (3) consecutive meals and further admitted that BARTOW was informed that Corporal Grecko will continue to report Futch's intake to medical. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 42.

43. Admit that BARTOW examined Futch on February 11, 2018, and that BARTOW notified Dr. Harris following the evaluation. The remaining allegations in paragraph 43 regarding BARTOW's alleged actions and/or inactions are denied.

44. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44, including all subparts.

45. BARTOW lacks knowledge or information sufficient to form a belief about the truth of Futch's actions between February 12 and February 15, 2018. The remainder of paragraph 45 is denied.

46. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46.

47. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47.

48. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48.

49. Denied BARTOW failed to provide appropriate care and treatment to Futch, denied she "watched Futch starve", and denied she failed to act reasonably in connection with Futch's care and treatment.  BARTOW lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 49.

50. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50.

51. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51.

52. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52.

53. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53.

54. Denied.

55. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55.

56. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56.

57. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57.

58. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58.

59. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59.

60. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60.

61. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61.

62. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62.

63. BARTOW lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63.

64. Denied BARTOW observed or was aware that Futch was vomiting constantly and unable to eat or drink.  BARTOW lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 64.

65. Denied.

**COUNT I:  42 U.S.C. §1983 CLAIM AGAINST DEFENDANTS MTC AND MTC MEDICAL**

66. BARTOW reiterates her responses to paragraphs 1 through 65, as if fully stated herein.

67.– 79. The allegations in Count I (paragraphs 67 – 79) are not directed to BARTOW and therefore, no response is required.  To the extent Plaintiff's allegations in paragraphs 67 – 79 address or implicate BARTOW, such

allegations are denied.  Otherwise, BARTOW lacks knowledge or information sufficient to form a belief about the truth of such allegations.

### **COUNT 2:  42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT FORD**

80. Bartow reiterates her responses to paragraphs 1 through 8, 11, 17, 18, 23, 24, 27 – 38 and 40 - 65, as if fully stated herein.

81.– 86. The allegations in Count 2 (paragraphs 81 – 86) are not directed to BARTOW and therefore, no response is required.  To the extent Plaintiff's allegations in paragraphs 81 – 86 address or implicate BARTOW, such allegations are denied.  Otherwise, BARTOW lacks knowledge or information sufficient to form a belief about the truth of such allegations.

### **COUNT 3:  42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT HARRIS**

87. BARTOW reiterates her responses to paragraphs 1 through 8, 12, 17, 18, 23 – 65, as if fully stated herein.

88. – 93. The allegations in Count 3 (paragraphs 88 – 93) are not directed to BARTOW and therefore, no response is required.  To the extent Plaintiff's allegations in paragraphs 88 – 93 address or implicate BARTOW, such allegations are denied.  Otherwise, BARTOW lacks knowledge or information sufficient to form a belief about the truth of such allegations.

### **COUNT 4:  42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT BARTOW**

94. BARTOW reiterates her responses to paragraphs 1 through 8, 13, 17, 18, and 23 through 65, of the Complaint as if fully stated herein.

95. Admitted regarding BARTOW's employment status. Admitted that BARTOW performed timely and appropriate nursing evaluations of Futch within the scope of her LPN license on two (2) occasions during Futch's incarceration at the Putnam County Jail. The remainder of paragraph 95 is denied as phrased.

96. Denied BARTOW subjected Futch to the deprivation of rights and privileges secured to him under the Eighth and Fourteenth Amendments to the United States Constitution.

97. Denied.

98. Denied.

99. Denied BARTOW was deliberately indifferent or that she denied Futch's constitutional rights.

100. Denied BARTOW was deliberately indifferent, denied BARTOW violated Futch's constitutional rights, and denied BARTOW's actions or inactions caused or contributed to Futch's death.

### COUNT 5: 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT HURST

101. Bartow reiterates her responses to paragraphs 1 through 8, 14, 17, 18, and 23 – 65, as if fully stated herein.

102. – 107. The allegations in Count 5 (paragraphs 102 – 107) are not directed to BARTOW and therefore, no response is required. To the extent Plaintiff's allegations in paragraphs 102 - 107 address or implicate BARTOW, such allegations are denied. Otherwise, BARTOW lacks knowledge or information sufficient to form a belief about the truth of such allegations.

## COUNT 6: 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT FISHER

108.  BARTOW reiterates her responses to paragraphs 1 through 8, 14, 17, 18, and 23 - 65, as if fully stated herein.

109. – 114.  The allegations in Count 6 (paragraphs 109 – 114) are not directed to BARTOW and therefore, no response is required. To the extent Plaintiff's allegations in paragraphs 109 - 114 address or implicate BARTOW, such allegations are denied. Otherwise, BARTOW lacks knowledge or

## PRAYER FOR RELIEF

BARTOW denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## GENERAL DENIAL

BARTOW generally denies all allegations not specifically admitted herein.

## DEMAND FOR JURY TRIAL

BARTOW demands a trial by jury of all issues so triable as a matter of right.

## AFFIRMATIVE DEFENSES

Having answered the numbered paragraphs of Plaintiff's Complaint, and without conceding that BARTOW bears the burden of proof as to any issue, BARTOW asserts the following affirmative defenses:

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted and therefore, should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

### Second Affirmative Defense

Any actions or omissions by BARTOW do not rise to the level of a constitutional deprivation and therefore, are not actionable under 42 U.S.C. § 1983.

### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of qualified immunity, immunity under Eleventh Amendment, official immunity, discretionary act immunity and/or federal law.

### Fourth Affirmative Defense

Futch exposed himself to the possibility of injury and/or death by his own actions and also failed to mitigate the dangers and his damages. His recovery must therefore be diminished or abolished accordingly.

### Fifth Affirmative Defense

BARTOW had no subjective knowledge of risk of serious harm to Futch.

### Sixth Affirmative Defense

BARTOW did not disregard a serious risk of harm to Futch of which she had subjective knowledge.

### Seventh Affirmative Defense

BARTOW did not disregard a serious risk of harm to Futch of which she had subjective knowledge by conduct that, in the event it deviated from the standard of care, was more than mere negligence.

### Eighth Affirmative Defense

The injury and/or death of Futch was the result of actions by third parties over whom BARTOW had neither custody nor control.

### Ninth Affirmative Defense

Futch's injury and/or death were the result of pre-existing medical and/or mental conditions unrelated to the care and treatment of Futch by BARTOW.

### Tenth Affirmative Defense

Futch's injury and/or death were the result of intervening, superseding, and/or independent cause(s), and, therefore, BARTOW is not liable.

### Eleventh Affirmative Defense

At all times material, BARTOW acted within the standard of care and within the scope of her licensure as a Licensed Practical Nurse within the State of Florida.

### RESERVATION OF RIGHTS

BARTOW reserves her right to assert any and all additional defenses, as may be determined necessary during the course of discovery

DATED December 26, 2018

**CARR ALLISON**

_____
P. David Brannon ◆ FBN 820636
Email: dbrannon@carrallison.com
Douglas P. Jones ◆ FBN 211125
Email: djones@carrallison.com
305 S. Gadsden Street
Tallahassee, FL  32301
(850) 222-2107; (850) 222-8475 Facsimile

Attorneys for Defendant, Jillian Bartow, L.P.N.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 26th, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the following:

| | |
|---|---|
| Greg M. Lauer, Esq. | Richard E. Ramsey, Esq. |
| Christina M. Currie, Esq. | Wicker Smith O'Hara McCoy & Ford, P.A. |
| **Lauer & Currie, P.A**. | 50 N. Laura Street, Suite 2700 |
| 644 S.E. Fifth Avenue | Jacksonville, FL  32202 |
| Fort Lauderdale, FL  33301-3104 | jaxcrtpleadings@wickersmith.com |
| greg@law-lc.com | rramsey@wickersmith.com |
| cmc@law-lc.com | cconnor@wickersmith.com |
| | |
| | Attorneys for Defendant, |
| Attorneys for Plaintiff | Patrick Harris, D.O. |

                                                                      _____
P. David Brannon ◆ FBN 820636
Douglas P. Jones ◆ FBN 211125
**CARR ALLISON**
305 S. Gadsden Street
Tallahassee, FL  32301
(850) 222-2107; (850) 222-8475 Facsimile
Email: dbrannon@carrallison.com
Email: djones@carrallison.com

Attorneys for Defendant, Jillian Bartow, L.P.N.